Welch, J,
In a statutory proceeding for partition, a legal title in the demandant is necessary. If his title is equitable merely, the proceeding should be under the code for an equitable partition, and the defendant should be brought' into court by process. Where, however, the defendant, or party notified, actually appears and contests the demandant’s right, and agrees upon the facts of the case, it can hardly bo claimed that it is error, to the defendant’s prejudice, for the court to order the partition upon a mere equitable title in the demandant. If Mrs. Byers -had no right in equity to the premises, she is not injured by the partition; and if she appeared and answered, she is not prejudiced by the non-service of process.
The simple question then, is, which party had, under the facts shown in the record, the bettor equitable title to the undivided moiety of the premises demanded by Wackman?
The purchaser at sheriff’s sale acquired the interest of the defendant in attachment. That interest, in equity, was only one-half of the premises. Ho hold the other half in trust for Wackman. The purchaser at sheriff’s salo, and Mrs. Byers claiming under him, take that half subject to the same trust, unless they can protect themselves under the plea of bona fide purchaser without notice. They can not, nor can either of them do this, because Wackman’s deed was recorded before they acquired title, and was therefore constructive notice to them of his right. If they bought without ex *404 amining the record, they bought at their peril. There must be an absence *both of actual and constructive notice of Wackman’s right, to enable them, or either of them, to rise higher in the scale of right than the defendant in attachment, under whom they claim.
It is hardly necessary to say that there is nothing in the objection that parol proof was inadmissible to prove the equity of Wackman. His equity, was a resulting trust, arising from the fact that he paid half of the purchase money. It is well settled that parol evidence is competent to prove such a trust.

Judgment affirmed.

Scott, C. J., and Day, White, and Brinkerhoee, JJ., concurred.